UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x        NOT FOR PUBLICATION
                                                             :
In re:                                                       :        Chapter 13
                                                             :
Oscar A. Argueta,                                            :        Case No: 26-11206 (JPM)
                                                             :
                                                             :
                                          Debtor.            :
                                                             :
-------------------------------------------------------------x


**MEMORANDUM OPINION AND ORDER GRANTING SERENA MORGAN BAKER'S**
<u>**MOTION TO DISMISS**</u>

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## I.   INTRODUCTION

Before the Court is Serena Morgan Baker's ("Movant") motion to dismiss ("Motion"), dated June 29, 2026.  Dkt. No. 18.[1]  The Motion argues that the Debtor exceeds the unsecured, non-contingent, liquidated debt cap in 11 U.S.C. § 109(e) and is therefore ineligible for Chapter 13 relief.  *Id.*  The Motion seeks in the alternative to lift the automatic stay pursuant to 11 U.S.C. § 362.

The Debtor filed an opposition to the Motion ("Opposition"), dated July 14, 2026.  Dkt. No. 24.

The Court held a hearing on the Motion on July 16, 2026, at which the Court granted the Motion.  This opinion further details the Court's ruling.

## II.   JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III.   BACKGROUND

On December 31, 2025, the Debtor filed a previous petition for Chapter 13 relief.  Case No. 25-12964-jpm (Bankr. S.D.N.Y. filed Dec. 31, 2025), Dkt. No. 1.  On April 9, 2026, upon the Debtor's motion to voluntarily dismiss the case, this Court dismissed the case.  *Id.*, Dkt. No. 28.

On May 21, 2026, the Debtor filed the instant petition for Chapter 13 relief.  Dkt. No. 1.

---

[1] All references to "Dkt. No." refer to the docket entries in this case, except where preceded by Case No. 25-12964-jpm (Bankr. S.D.N.Y. filed Dec. 31, 2025), or Conn. App. Ct., Dkt. No. AC 49439 (filed Dec. 15, 2025), which refer to the docket entries in those cases.

2

The Motion asserts that, prior to the filing of either of the Debtor's bankruptcy cases, the Debtor and Movant were parties to a divorce action in the Superior Court of the State of Connecticut, and that a divorce judgment that had been entered January 8, 2020 required the Debtor to transfer to Movant certain real property located in Taquillo, El Salvador.  Dkt. No. 18 (Motion) at 2.  The Motion states that the Debtor failed to make that transfer, and that Movant's efforts to enforce the divorce judgment culminated in a November 25, 2025 order from the Superior Court of the State of Connecticut (the "November 2025 Order") directing the Debtor to pay Movant $600,000 in lieu of the property transfer (secured by a mortgage on the Debtor's New York property), to be executed no later than December 31, 2025.  *Id.* at 2–3.  The Motion argues that, also on December 31, 2025, the Debtor filed a "bare bones" petition commencing his first Chapter 13 case.  *Id.* at 3.  The Motion states that the Debtor failed to timely file schedules (eventually doing so on February 26, 2026), and that those late schedules, along with amended schedules filed March 4, 2026, remained incomplete and incorrect.  The Motion also asserts that the Chapter 13 plan filed on March 5, 2026 ignored Debtor's priority obligations to Movant.  *Id.* The Motion then states that Movant filed a contempt motion in the divorce action on May 14, 2026, based on the Debtor's noncompliance with the November 2025 Order, and that the Debtor commenced the present case seven days later.  *Id.* at 4.

The Motion argues that dismissal is warranted as the Debtor is ineligible for Chapter 13 relief because the Debtor's unsecured debt exceeds the cap set forth in 11 U.S.C. § 109(e) ($526,700).  *Id.*  The Motion further asserts that, although the bar date had not yet passed as of the Motion's filing, the unsecured claims filed in the case total $993,497.40 (including Movant's claim for $704,000).  *Id.* at 4–5.  The Motion argues in the alternative that the automatic stay should be lifted to allow enforcement of the November 2025 Order through execution and recording of the

3

mortgage on the Debtor's New York property.  *Id.* at 5–7.

The Opposition argues that "the Debtor was unable to complete the transfer of the Taquillo Property due to litigation commenced by his mother in El Salvador," which resulted in a lien that prevented the "Debtor from conveying clear title to [Movant]."  Dkt. No. 24 (Opposition) at 3. The Opposition states that, on December 15, 2025, the Debtor appealed the November 2025 Order to the Connecticut Appellate Court, challenging, inter alia, the substitution of the monetary award for the property transfer, and that the appeal remains pending.  *Id.* at 4–5.  The Opposition states that the Debtor's obligation to execute the mortgage was not stayed by any appeal, but that "[t]hese findings regarding the Debtor's good faith in the transfer of the Taquillo Property are now the subject of the pending appeal."  *Id.* at 4.

The Opposition also asserts that the Debtor's schedules list Movant's claim as a disputed, nonpriority, unsecured claim of $669,198.14, together with a priority domestic support obligation of $1,335.00 and "approximately" $276,950.00 in student loan obligations.  The Opposition states that Movant subsequently filed a proof of claim for $708,495.60, which the Debtor disputes and intends to object to.  *Id.* at 5–6.  The Opposition argues that "[e]xcluding [Movant's] disputed claim, the Debtor's remaining scheduled unsecured indebtedness falls well below the debt limitation set forth in 11 U.S.C. § 109(e)."  *Id.* at 6, 8–9.  The Opposition asserts that Movant's claim should be excluded because the Debtor has appealed the November 2025 Order, and that the appeal remains pending.  *Id.* at 6–8.  The Opposition states that "[u]ntil the appellate process concludes, both the existence and the amount of any ultimately enforceable obligation remain uncertain" and "should not be mechanically included in the § 109(e) calculation until the appeal concludes."  *Id.* at 8.  The Opposition also argues that the Movant has failed to establish cause for relief under § 362(d).  *Id.* at 10–12.  The Opposition further asserts that the present case was not

4

filed in bad faith.  *Id.* at 12–13.

## IV.    <u>LEGAL ANALYSIS</u>

### A.    <u>Legal Standard</u>

[O]n request of a party in interest . . . and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]

11 U.S.C. § 1307(c).  "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $526,700 and noncontingent, liquidated, secured debts of less than $1,580,125 . . . may be a debtor under chapter 13 of this title."  11 U.S.C. § 109(e); *see also Soussis v. Macco (In re Soussis)*, 136 F.4th 415, 420 (2d Cir. 2025) ("Chapter 13 is available only to 'individual[s] with regular income' who owe less than a specified amount (currently $526,700 for unsecured debts and $1,580,125 for secured debts)." (quoting § 109(e))).  "It is generally agreed that a debt is contingent if it does not become an obligation until the occurrence of a future event, but is noncontingent when all of the events giving rise to liability for the debt occurred prior to the debtor's filing for bankruptcy."  *Mazzeo v. United States (In Re Mazzeo)*, 131 F.3d 295, 303 (2d Cir. 1997).  "If the value of the claim is easily ascertainable, it is generally viewed as liquidated.  If that value depends instead on a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated."  *Id.* at 304.

"The debtor has the burden of establishing eligibility under § 109(e)."  *In Re Shukla*, 550 B.R. 204, 210 (Bankr. S.D.N.Y. 2016).  Exceeding the debt cap in § 109(e) is a basis to grant a motion to dismiss.  *Mazzeo*, 131 F.3d at 305 (affirming dismissal of Chapter 13 petition due to Debtor exceeding debt limit in § 109(e)); *In re Ehrlich*, 675 B.R. 441, 446 (Bankr. S.D.N.Y. 2026) (granting creditor's motion to dismiss based on debtor's failure to meet burden to establish eligibility for Chapter 13 relief under § 109(e)).

### B. Motion to Dismiss

The Court agrees with Movant that the Debtor has not met his burden to establish eligibility for Chapter 13 relief under § 109(e). *Mazzeo*, 131 F.3d at 305; *In Re Shukla*, 550 B.R. at 210; *In re Ehrlich*, 675 B.R. at 446.

Movant filed a proof of claim asserting an unsecured claim of $708,495.60. Claims Register, Proof of Claim No. 7-1. The Debtor listed Movant's claim as unsecured in the amount of $669,198.14. Dkt. No. 8 (Schedule E/F) at 16. The Debtor argues that this claim is disputed (and thus contingent or nonliquidated), and should not be counted toward the § 109(e) debt cap, because the Debtor has filed an appeal of the November 2025 Order (upon which Movant's claim is based). Dkt. No. 24 (Opposition) at 4–9. That the appeal remains pending in the Connecticut Appellate Court. Conn. App. Ct., Dkt. No. AC 49439 (filed Dec. 15, 2025). As the Debtor acknowledged at the July 16, 2026 hearing, the Debtor has not obtained a stay of the November 2025 Order pending appeal. Dkt. No. 24 (Opposition) at 4.

A debt is not contingent "merely because the debtor disputes the claim, for that would make the word 'contingent,' in the definition of 'claim,' redundant." *Mazzeo*, 131 F.3d at 303. "Although the creditor's ability to collect the sum due him may depend upon adjudication, that does not make the debt itself contingent." *Id.*; *see also In re Lehman Bros. Holdings,* 602 B.R. 564, 585 (Bankr. S.D.N.Y. 2019) ("A claim is not contingent merely because the debtor disputes the claim or because such claim has not been fully and finally adjudicated; instead, the concept of contingency relates to the time or circumstance under which the liability arises."). Here, the triggering event giving rise to the Debtor's liability indisputedly arose prior to the filing of the present Chapter 13 petition. *Mazzeo*, 131 F.3d at 303 ("A claim is contingent as to liability if the debtor's legal duty to pay does not come into existence until triggered by the occurrence of a future

6

event. A creditor's claim is not contingent when the 'triggering event' occurred prior to the filing of the chapter 13 petition." (citation modified)).  That the Debtor has filed an appeal of the November 25, 2025 order does not change his obligations to comply with that order, given that, as the Debtor has acknowledged, he has not obtained a stay of that order.  *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.").  Accordingly, the Court finds that the Movant's claim, while disputed in the context of an appeal, is not contingent or unliquidated, and therefore the Debtor's noncontingent, liquidated, unsecured debts exceed the statutory cap in 11 U.S.C. § 109(e).

## V.     **CONCLUSION**

The Motion is GRANTED, as the Debtor has not met his burden to establish eligibility for Chapter 13 relief under § 109(e).


**IT IS SO ORDERED.**

Dated: August 11, 2026                                          /s/ John P. Mastando III
      New York, New York                                  HONORABLE JOHN P. MASTANDO III
                                                         UNITED STATES BANKRUPTCY JUDGE